**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MCMILLIN HOMES CONSTRUCTION, INC.; MCMILLIN HOMES, INC.; MCMILLIN MANAGEMENT SERVICES, LP; SERENO RESIDENTIAL INVESTORS, LLC; and IMPERIAL VALLEY INVESTORS, LLC,<br><br>　　　　　　　　　　Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM | CASE NO. 15cv1548 JM(BLM)<br><br>ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM; GRANTING LEAVE TO AMEND |

Plaintiff St. Paul Mercury Insurance Company ("St. Paul") moves to dismiss the Counterclaim ("CC") filed by Defendants McMillin Homes Construction, Inc., McMillin Homes, Inc, McMillin Management Services, LP, Sereno residential investors, LLC, and Imperial Valley Investors, LLC. (collectively "Defendants"). Defendants oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss and grants Defendants 15 days leave

to amend from the date of entry of this order.

**BACKGROUND**

On July 13, 2015, St. Paul commenced this diversity action by alleging three claims for relief: declaratory relief, breach of contract, and equitable reimbursement. For the time period from May 19, 2003 to June 30, 2009, St. Paul issued a commercial general liability policy ("Policy") to Executive Landscape, Inc. Defendants are additional insureds under the Policy. St. Paul's claims arise from the following generally described allegations.

Defendants developed and acted as the general contractor on a project known as "Serano." On May 12, 2012, various homeowners in the Sereno development, located in the City of Calexico, California, filed a first amended complaint in the lawsuit entitled Yanez v. Sereno Residential Investors, LLC. The homeowners commenced the action in Imperial County Suerior Court, alleging several claims for construction defects. The Yanez action was subsequently consolidated with a related construction defect lawsuit, Vizcarra v. Sereno Residential Investors, LLC (unless otherwise noted, both actions are collectively referred to as the "Yanez Action").

On August 8, 2012, Defendants, through their legal representative Simpson Delmore Greene ("SDG"), tendered the Yanez Action to St. Paul as an additional insured under the Policy. (Compl. ¶16). On November 2, 2012, St. Paul agreed to fully and completely defend Defendants in the Yanez Action as additional insureds under the Policy, subject to a reservation of rights.

On June 26, 2013, St. Paul allegedly asserted its contractual right to retain counsel of its choosing and advised Defendants that it retained the law firm of Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley ("Clapp") to represent and defend Defendants in the Yanez Action. Defendants allegedly refused, and continue to refuse, to accept Clapp as counsel in the Yanez Action.

St. Paul seeks a declaration that (1) St. Paul has the right to control the defense in the Yanez action; (2) Defendants are not entitled to the appointment of independent

counsel under Cal. Civil Code §2860; (3) Defendants breached the Policy by refusing to acknowledge St. Paul's right to control the defense, including the selection of counsel, and (4) St. Paul has no obligation under the Policy to pay any fees or costs incurred by Defendants' retained counsel. The breach of contract claim is based upon allegations that Defendants refused to accept the counsel provided by St. Paul. Finally, the third claim seeks equitable reimbursement for certain defense fees and costs paid by St. Paul.

The Counterclaims

On August 13, 2015, Defendants and Counter-Claimants filed a Counterclaim, alleging three claims for relief: (1) declaratory relief; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. As set forth in the complaint, on August 8, 2012, Defendants tendered the Yanez Action to St. Paul. Nearly four months later, on December 31, 2012, St. Paul agreed to defend Defendants in the Yanez Action, subject to a full reservation of rights. (Counterclaim "CC" ¶27).

Counter-Claimants allege that St. Paul paid only a portion of the defense costs incurred by SDG. On June 26, 2013, ten months after Defendants tendered its defense to St. Paul, St. Paul retained Clapp to represent the defense. Shortly thereafter, on July 22, 2013, Defendants provided St. Paul with a Joint Consent to Representation ("Joint Consent") pursuant to Cal. Civ, Code §2860. When St. Paul did not respond to the Joint Consent, Defendants again provided the Joint Consent to St. Paul on September 4, 2013, and December 13, 2013. On February 11, 2014, St. Paul advised Defendants that it would only pay for defense fees incurred by Clapp, and not SDG.

Defendants allege that the delay between tender and the notification by St. Paul that it would provide a defense constitutes a waiver and/or estopps St. Paul from asserting its right to control the defense. Defendants further allege that St. Paul fraudulently promised to provide a full, complete, and conflict-free defense but then appointed Clapp knowing of the existence of an unidentified conflict. (CC ¶10).

# DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Declaratory Relief Counter-Claim**

Counter-Claimants seek a declaration that St. Paul (1) owes an immediate duty to pay for "full, complete and conflict-free defense and indemnity in" Yanez; (2) is obligated to pay for all reasonable unpaid attorneys' fees and costs related to Yanez; (3) owes a duty to provide independent and conflict-free counsel selected exclusively by Counter-Claimants; (4) breached its obligations under the Policy; and (5) failed to provide an "immediate, complete, and conflict-free defense to Counter-Claimants, [and] has forfeited its right to appoint counsel and to control Counter-Claimant's defense." (CC ¶41).

To obtain declaratory relief, Counter-Claimants must show an actual controversy regarding a matter within the court's subject matter jurisdiction. See Calderon v. Ashmus, 523 U.S. 740, 745 (1998). There must exist an "actual controversy relating to the legal rights and duties of the respective parties, not an abstract or academic dispute. Centex Homes v. St. Paul Fire and Marine Ins. Co., 237 Cal.App.4th 23, 29 (2015).

Here, Counter-Claimants central allegation is that St. Paul was under a duty, pursuant to Cal. Civ. Code §2860, to provide a full, complete, and "conflict-free" defense counsel, and that it failed to do so. However, Iqbal and Twombly require more than speculative allegations. Nowhere could the court locate in the CC the nature of the alleged failure to provide "conflict-free" counsel. As noted in Iqbal, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Iqbal, 556 U.S. at 678. Counter-Claimants must set forth plausible allegations showing that Clapp constituted conflicted counsel.

Next, Counter-claimants repeatedly argue that St. Paul waived its right to control the defense by not immediately providing "conflict-free" counsel. The court notes that waiver is an affirmative defense, and not a claim. See McKennon v. Nashville Banner Pul'g Co., 513 U.S. 352, 360(1995).

Finally, absent additional allegations showing that St. Paul beached its duty to

defend, and caused damage to Counter-Claimants, Counter-Claimants fail to state a claim for either breach of contract or breach of the covenant of good faith and fair dealing. The court notes that the <u>Yanez</u> action appears to involve numerous parties represented by numerous insurers. It is unclear from the allegations whether the failure to provide immediate "conflict-free" counsel is the cause of any harm to Defendants or whether St. Paul was under any duty to accept joint representation as proposed by Counter-Claimants. Lacking clarity, the court grants Counter-Claimants an opportunity to file a First Amended Counterclaim.

In sum, the court grants the motion to dismiss the Counterclaim with 15 days leave to amend from the date of entry of this order.

**IT IS SO ORDERED.**

DATED: October 28, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties