# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. PAUL MERCURY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MCMILLIN HOMES CONSTRUCTION, INC.; MCMILLIN HOMES, INC.; MCMILLIN MANAGEMENT SERVICES, LP; SERENO RESIDENTIAL INVESTORS, LLC; and IMPERIAL VALLEY INVESTORS, LLC,<br><br>Defendants.<br>_____<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 15cv1548 JM(BLM)<br><br>ORDER DENYING MOTION TO DISMISS COUNTERCLAIMS |

Plaintiff St. Paul Mercury Insurance Company ("St. Paul") moves to dismiss the Amended Counterclaim ("ACC") filed by Defendants McMillin Homes Construction, Inc., McMillin Homes, Inc., McMillin Management Services, LP, Sereno Residential Investors, LLC, and Imperial Valley Investors, LLC (collectively "McMillin"). McMillin opposes the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for decision without oral argument. For the reasons set forth below, the court denies the motion.

# BACKGROUND

<u>The Complaint</u>

On July 13, 2015, St. Paul commenced this diversity action by alleging three claims for relief: declaratory relief, breach of contract, and equitable reimbursement. For the time period from May 19, 2003 to June 30, 2009, St. Paul issued a commercial general liability policy ("Policy") to Executive Landscape, Inc. McMillin is an additional insured under the Policy. St. Paul's claims arise from the following generally described allegations.

McMillin developed and acted as the general contractor on a project known as "Sereno." On May 12, 2012, various homeowners in the Sereno development, located in the City of Calexico, California, filed a first amended complaint in the lawsuit entitled <u>Yanez v. Sereno Residential Investors, LLC</u>. The homeowners commenced the action in Imperial County Superior Court, alleging several claims for construction defects. The <u>Yanez</u> action was subsequently consolidated with a related construction defect lawsuit, <u>Vizcarra v. Sereno Residential Investors, LLC</u> (unless otherwise noted, both actions are collectively referred to as the "<u>Yanez</u> Action").

On August 8, 2012, McMillin, through its legal representative Simpson Delmore Greene ("SDG"), tendered the <u>Yanez</u> Action to St. Paul as an additional insured under the Policy. (Compl. ¶16). On December 31, 2012, St. Paul agreed to fully and completely defend McMillin in the <u>Yanez</u> Action as an additional insured under the Policy, subject to a reservation of rights.

On June 26, 2013, St. Paul allegedly asserted its contractual right to retain counsel of its choosing and advised McMillin that it had retained the law firm of Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley ("Clapp") to represent and defend McMillin in the <u>Yanez</u> Action. McMillin allegedly refused, and continues to refuse, to accept Clapp as counsel in the <u>Yanez</u> Action.

St. Paul seeks a declaration that (1) St. Paul has the right to control the defense in the <u>Yanez</u> action; (2) McMillin is not entitled to the appointment of independent

counsel under Cal. Civil Code §2860; (3) McMillin breached the Policy by refusing to acknowledge St. Paul's right to control the defense, including the selection of counsel, and (4) St. Paul has no obligation under the Policy to pay any fees or costs incurred by McMillin's retained counsel. The breach of contract claim is based upon allegations that McMillin refused to accept the counsel provided by St. Paul. Finally, the third claim seeks equitable reimbursement for certain defense fees and costs paid by St. Paul.

The Counterclaims

On November 12, 2015, McMillin filed the ACC, alleging three claims for relief: (1) declaratory relief; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. As set forth in the complaint, on August 8, 2012, McMillin tendered the Yanez Action to St. Paul. Nearly four months later, on December 31, 2012, St. Paul agreed to defend McMillin in the Yanez Action, subject to a full reservation of rights. (ACC ¶27).

Counter-claimants allege that St. Paul paid only a portion of the defense costs incurred by SDG. On June 26, 2013, ten months after McMillin tendered its defense to St. Paul, St. Paul retained Clapp to represent the defense. (ACC ¶31). Shortly thereafter, on July 22, 2013, McMillin provided St. Paul with a Joint Consent to Representation ("Joint Consent") pursuant to Cal. Civ.Code §2860. When St. Paul did not respond to the Joint Consent, McMillin again provided the Joint Consent to St. Paul on September 4, 2013, and December 13, 2013. On February 24, 2014, St. Paul advised McMillin that it would only pay for defense fees incurred by Clapp, and not SDG.

At the heart of the counterclaim is the allegation that St. Paul failed to provide an immediate defense upon tender on August 8, 2012, and to appoint independent counsel. (ACC ¶48). The ACC alleges that St. Paul withdrew from participating in McMillin's defense once it requested the association of independent counsel, (ACC ¶58), and St. Paul ignored the conflicts of interests that arose as to who had the right to control McMillin's defense. McMillin also identifies that it and Executive

Landscape had sufficient adverse interests to warrant the appointment of independent counsel. Furthermore, McMillin alleges that St. Paul placed its own interests ahead of the insured by (1) failing to provide an immediate defense without proper cause, (2) failing to conduct a reasonable investigation, (3) representing that it would provide a complete defense and then failing to provide one, (4) refusing to consent to joint representation, and (5) using McMillin's request for independent counsel as a pretext for refusing to defend. (ACC ¶64(a) - 64(i)).

## DISCUSSION

**Legal Standards**

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Courts should dismiss a complaint for failure to state a claim when the factual allegations are insufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the complaint's allegations must "plausibly suggest[]" that the pleader is entitled to relief); Ashcroft v. Iqbal, 556 U.S. 662 (2009) (under Rule 8(a), well-pleaded facts must do more than permit the court to infer the mere possibility of misconduct). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. Hal Roach Studios, Inc. v. Richard Feiner and Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995), cert. dismissed, 116 S. Ct. 1710 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. In Re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996).

**The Motion**

The thrust of McMillin's counterclaims is that St. Paul breached its duty to defend, and lost the right to control the defense, when it waited four months after tender before agreeing to defend McMillin in the Yanez action. The law is well-established that an insurer who breaches its duty to defend forfeits its right to control the defense of the action. J.R. Mktg., L.L.C. v. Hartford Casualty Ins. Co., 216 Cal.App.4th 1144 (2013). Here, McMillin alleges that it tendered the defense on August 8, 2012, and St. Paul accepted the defense subject to a reservation of rights on December 31, 2012, thereby forfeiting its right to control the defense.[1] These allegations, viewed in the best light for McMillin, state a counterclaim for breach of the insurance contract.

In response to these allegations, St. Paul comes forward with evidence to show that on August 27, 2012, it acknowledged McMillin's tender and requested the submission of what it considered necessary information to complete its coverage analysis. (Vandermoore Decl. ¶6). The requested information included the contract between McMillin and Executive Landscape and scope of work matrices. Id. About two and one half months later, on or about November 8, 2012, St. Paul received the requested information and, on December 31, 2012, St. Paul accepted the defense. (Vandermoore Decl. ¶9).

---

[1] California Code of Regulations, Title 10, Chapter 5, Subchapter 8, §2695.7(b) provides that an insurer must accept or deny a claim withing 40 days.

The difficulty with St. Paul's argument is that it is dependent upon evidentiary matters not properly considered on a motion to dismiss.  See Levine, 950 F.2d at 1482.  Here, whether St. Paul timely and reasonably accepted tender presents a question of fact not properly resolved on a motion to dismiss.  Moreover, discovery is required to provide context to the reasonableness of the period of time between tender and providing a defense and whether McMillin suffered any injury as a result.  See Cal. Shoppers Inc. v. Royal Globe Ins. Co., 175 Cal.App.3d 1, 38 (1985) (insurer entitled to a reasonable time to investigate claim in order to identify potential coverage).  The four-month delay in accepting the defense may, or may not, be reasonable, depending on circumstances arising outside the four corners of the complaint.

In sum, the court denies the motion to dismiss the ACC.

**IT IS SO ORDERED.**

DATED:  March 2, 2016

_____
Hon. Jeffrey T. Miller
United States District Judge

cc:        All parties